GEORGE M. SHADER, Administrator, etc., Appellant, *v.* THE RAILWAY PASSENGER ASSURANCE COMPANY, Respondent.

An accidental insurance policy contained a clause providing that no claim should be made thereunder "where the death or injury may have happened while the insured was, or in consequence of his having been, under the influence of intoxicating drink." The insured was killed by a pistol shot. In an action upon the policy, *held*, that if the death of the insured occurred while he was under the influence of intoxicating drink, this alone avoided the policy without regard to the question whether that condition was the natural and reasonable cause of the death, or in any manner contributed thereto; and, also, that such a provision was proper and reasonable.

*Bradley* v. *Mutual Benefit Life Insurance Company* (45 N. Y., 422) and *Welts* v. *Connecticut Mutual Life Insurance Company* (48 id., 34) distinguished.

(Argued June 9, 1876; decided June 20, 1876.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 3 Hun, 424.)

This action was upon an accidental insurance policy issued by defendant to plaintiff's intestate, Wesley E. Shader.

The insured was shot and killed while dining with a friend. The evidence tended to show that he was at the time under the influence of intoxicating liquor, of which he had been drinking freely.

The judge charged the jury, among other things, as follows: "The question is not simply whether he was under the influence of intoxicating liquors at the time, but it is whether the injury occurred in consequence of that. The question is, was

the injury the natural and reasonable result of his being in that condition? * * * It is not enough to find that he was under the influence of intoxicating drinks at the time. You are to find that the injury he received was the natural and proximate result of that condition. You are to see the connecting link between the injury and the condition he was in." To which defendant's counsel duly excepted.

Said counsel asked the court to charge, among other things, that " if, at the time Shader was shot, he was under the influence of intoxicating drinks, the plaintiff could not recover, and this is so, whether the influence of the liquor occasioned the discharge of the pistol or not." The court refused so to charge, and defendant's counsel duly excepted.

*J. B. Adam* for the appellant. Defendant was liable, if the injury to plaintiff's intestate was not the natural cause and reasonable result of his being intoxicated, notwithstanding the provisions of the policy. (*Bradley* v. *Mut. Benefit Ins. Co.*, 45 N. Y., 422; *Welts* v. *Conn. Mut. L. Ins. Co.*, 48 id., 34.)

*Geo. F. Danforth* for the respondent. If the deceased was intoxicated when the injury occurred, no question can be made whether non-compliance with the condition of the policy affected the risk, or whether this condition was reasonable or not. (*Savage* v. *How. Ins. Co.*, 52 N. Y., 50; *Southcombe* v. *Merriman*, 1 C. & M., 286.)

MILLER, J. The question arising directly upon this appeal relates to the charge of the judge and to his refusal to charge as requested by the counsel for the defendant. The policy provided that : "No claim shall be made under this policy where the death or injury may have happened while the insured was, or in consequence of his having been, under the influence of intoxicating drinks." The judge in his charge to the jury stated that the question was not simply whether the deceased was under the influence of intoxicating liquors at the time, but it was whether the injury occurred in conse-

quence of that, and it was the natural and reasonable result of his being in that condition ; and he charged, in substance, that if the injury happened in consequence of his being under the influence of intoxicating liquors, the plaintiff could not recover. The court was requested to charge that, if at the time Shader was shot, he was under the influence of intoxicating drinks, the plaintiff could not recover ; and this was so whether the influence of the liquor occasioned the discharge of the pistol or not. This was declined. Exceptions were duly taken to the portion of the charge made and the refusal to charge.

The first inquiry which presents itself to our consideration is the construction to be placed upon the proviso referred to. An exact and accurate interpretation of the language employed manifestly conveys the idea that it was intended to comprehend all cases where injury or death might happen while the assured was under the influence of intoxicating drinks, as well as such as might occur by reason of the use thereof. As to the first class of cases stated in the proviso, the words imply that it is not required that the use of intoxicating drinks should be the moving cause in producing the injury or death, and quite sufficient to avoid a liability that the person in whose favor the policy was issued was under the influence of such stimulants, without regard to the effect which might result from such a condition. The limitation in the policy related to the *condition* of the insured, not to the *cause* which might produce his death. And here lies the distinction which is to be drawn in its construction, for, by any other or different interpretation the words used would not only be unnecessary but meaningless and without point. As the policy was rendered void if the assured was injured or killed while under the influence of intoxicating drinks, it was not essential, to work a forfeiture, that injury or death should occur in consequence of the use of the same.

As to the second class of cases the policy was designed to provide for the possible contingency which might arise after the influence of intoxicating liquors had ceased to operate

directly, and the subsequent effects produced thereby in consequence of the previous use thereof. The intention, evidently, was to limit the liability of the company by the contract with the assured, and not to incur any responsibility when the injury occurred while the assured was directly under the influence, or where the result was remotely produced by intoxicating drinks. Accidental policies are issued principally to travelers or persons exposed to unusual peril and danger, and the risk in such cases being extremely hazardous it is by no means unreasonable that the insurer should require that the assured should be under no exciting influence which may affect his self-possession or judgment, or seriously interfere with the free, full and deliberate exercise of his faculties in protecting himself from accident or harm. It follows that the proposition laid down by the judge was erroneous; and he also erred in refusing to charge as requested.

We are referred to the case of *Bradley* v. *The Mutual Benefit Life Insurance Company* (45 N.Y., 422), as an authority adverse to the views expressed; but we think it does not support the doctrine contended for, and is not in point. The policy in that case contained a proviso that in case the insured should die " in the known violation of any law of the State he is permitted to visit, the policy shall be void." It was held, that to justify the court in taking from the jury the question whether the deceased came to his death in a manner covered by this clause, that whatever be the nature of the violation of law claimed as avoiding the policy, the death must clearly appear to have been the natural and legitimate consequence of such violation. It was evident from the proviso contained in the policy in the case cited, that a relation must exist between the violation of law and the cause of the death, for any other construction would be unwarranted and clearly beyond the meaning of the policy. It is also manifest from the phraseology employed, that no liability was incurred if the assured was engaged in the violation of law unless such violation had some connection with the cause of his death. If the provision had been that if the assured should die *while*

*engaged* in the violation of any law, there would be some ground for claiming that there was an analogy between the two cases; although, even then, it might be questioned whether such a condition was applicable to all cases of a violation of law. In the case at bar the proviso is absolute, direct and unequivocal, and the circumstances are entirely different; besides, there are strong and unanswerable reasons which do not apply in the case cited, for the insertion of such a clause in a policy of this kind, for the purpose of protecting the company from the reckless and improvident acts and conduct of the insured, which may have been induced by the improper use of intoxicating drinks. The decision in the case cited was made in view of the circumstances presented and with reference to the language employed, and upon no fair interpretation can it be considered as controlling in the case at bar. Nor does the case of *Welts* v. *The Connecticut Mutual Life Insurance Company* (48 N. Y., 34) affect the case now considered. It was properly held in that case that an employment by military authority in building a railroad bridge was not within the prohibition of the policy, forfeiting the same, if the assured should enter into any military or naval service without the consent of the company. This principle can have no application where the prohibition is in express terms against an act or conduct which may directly tend to produce death or an injury and which, beyond question, seriously affects and increases the risk of the insurer.

As the judge erred, upon the trial, the judgment was properly reversed and a new trial granted.

The order must be affirmed and judgment absolute ordered for the defendant, with costs.

All concur.

Order affirmed, and judgment accordingly.