STEPHEN FURRY'S ADMR. *v.* GENERAL ACCIDENT INSURANCE CO.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 30, 1908.

*Accident Insurance—Construction of Exception in Policy—"Influence" of Intoxicants—Finding of Facts—Construction.*

An exception of uncertain import in an insurance policy is to be construed most strongly against the insured; but a simple, plain, and unambiguous exception should not be abridged by construction.

The exception in an accident insurance policy limiting the liability of the insurer if loss occur "while under the influence of any intoxicant or narcotic," requires the insured so to limit his use of intoxicants and narcotics as to retain the full control of his mental and physical powers, and is not an unreasonable requirement.

In an action on an accident insurance policy where it appeared that during the evening preceding the accident the insured was more or less under the influence of some intoxicant, and that shortly before the accident his actions indicated that he was "getting sobered off," the finding that at the time of the accident he was not under the influence of intoxicating liquor "so as to prevent him from being fairly able to take care of himself" leaves him under that influence to some extent, and so within the exception of the policy limiting the insurer's liability if loss occur "while under the influence of any 'intoxicant or narcotic."

GENERAL ASSUMPSIT on an accident insurance policy. Plea, the general issue. Trial by court at the September Term, 1907, Rutland County, *Hall,* J., presiding. Judgment for the plaintiff to recover the larger sum mentioned in the policy. The defendant excepted. The opinion states the case.

*E. H. O'Brien* and *Charles L. Howe* for the plaintiff.

A person not under the influence of any intoxicant or narcotic so as to prevent him from being fairly able to take care of himself is not within the conditions of the policy. *Manufacturers Accident Indemnity Co.* v. *Dorgan,* 58 Fed. 952; 4 Cooley, Ins. 3204. Exceptions of this kind are construed most strongly against the insurer. *Fidelity & Casualty Co.* v. *Chambers,* 40 L. R. A. 432.

Among the facts found and reported by the court touching deceased's condition in respect to being under the influence of any intoxicant or narcotic, it appears that "the evidence was very conflicting; some of the witnesses testifying to actions indicating intoxication and others that they did not observe such actions. Some testified that he was intoxicated, and others that he was not." Such being the fact, it would not be error on the part of the court to find either way. Error will not be presumed. *Clary* v. *Willey,* 49 Vt. 55; *Ainsworth* v. *Hutchins,* 52 Vt. 554; *State* v. *Brunell,* 57 Vt. 580; *Spaulding* v. *Warner,* 57 Vt. 658; *Burton* v. *Est. of Marlowe,* 55 Vt. 434.

*Butler & Moloney* for the defendant.

MUNSON, J.   Plaintiff's intestate was insured in the defendant company under a contract which limited the company's liability to one-fifth of the amount otherwise payable, if the loss was "from exposure to obvious risk of injury or obvious danger," or "while under the influence of any intoxicant or narcotic." It is found that "the accident did not occur from exposure to obvious risk of injury or obvious danger." This is conclusive as to the first exception, unless it can be said as matter of law that walking on a railroad track unnecessarily is in itself such an exposure,—as to which we do not find it necessary to inquire. The findings bearing upon the second exception are with reference to some intoxicant or narcotic, without determining which. For brevity, we shall speak of the case as one of intoxication.

It is found that during the evening preceding his injury the insured was more or less under the influence of some intoxicant or narcotic. Between eleven and twelve o'clock he went to a hall where a fair was being held, and his condition was then

such as to justify the managers in preventing his entrance. He was last seen in the village between twelve and one o'clock, and his actions and conversation at that time indicated that he was "getting sobered off." Soon after this he went to the railroad yard, lighted his lantern and started south on the track. Several persons saw him as he started, and watched him for some distance. His gait was somewhat unsteady, but he was walking between the rails. It was about a mile and a half to the place where he was injured, and in this distance there were two bridges without any planking on the ties. He was found early in the morning, sitting a few feet west of the track. His left foot had been cut off just above the ankle, and was lying inside the rail. The trains passed Danby that night at 12:49 and 1:32.

The concluding finding is that at the time the accident occurred the insured was not under the influence of intoxicating liquor "so as to prevent him from being fairly able to take care of himself." This leaves him under the influence of liquor to some extent, and measures the extent of the influence by the advance made in the recovery of his faculties. It is saying in effect that the influence of the liquor had so far passed away that he had become fairly able to take care of himself. The effect of the finding must depend upon the force given to the word "fairly." It is evident that the word is not used here in the sense of "fully," but rather in the sense of "measurably" or "reasonably." See Century Dict. The clause containing it certainly cannot be construed as a finding that the insured had regained the normal use of his faculties. The word, although capable of other uses, is ordinarily used as a word of limitation. In *Warner* v. *Arctic Ice Co.*, 74 Me. 475, there was a question regarding the phrase "fairly merchantable quality," and the Court considered that the word "fairly" was well adapted to convey the idea of mediocrity in quality, or something just above it.

The only case we know of where the words in question were used is *Manufacturers' Accident Indemnity Co.* v. *Dorgan,* 7 C. C. A. 581. This case was submitted with an instruction which contained the expression "fairly able to take care of himself prudently and properly," but the objection to the instruction and the evidence in the case were not such as required a consideration of this language, and nothing was said regarding it. We find nothing in the other cases brought to our attention that bears

upon the precise question presented.   In the cases cited below, although there was evidence of drinking or of conduct that might indicate it, and varying comments of the reviewing Court, there was in each instance a distinct finding of the triers that the insured was not, at the time of the accident, in the condition described in the exception,—with no report of instructions limiting its effect.   *Fidelity and Casualty Co. v. Chambers,* 93 Va. 138; *Travelers Ins. Co. v. Harvey,* 82 Va. 949; *Prader v. Natl. Masonic Accident Asso.,* 95 Iowa 149; *Sutherland v. Standard etc. Ins. Co.,* 87 Iowa 505.

The exception under consideration is one that materially affects the risk.   It is manifestly intended to require the insured to so limit his use of liquor that he will retain "full control over his faculties of mind and body."   *Shader v. Ry. Passengers' Assurance Co.,* 3 Hun. 424; *Standard etc. Ins. Co. v. Jones,* 94 Ala. 434.   It is considered by no means unreasonable that the company should require that the insured be under no exciting influence that may affect his self possession or judgment in the exercise of the faculties essential to his safety.   *Shader v. Ry. Passengers' Assurance Co.,* 66 N. Y. 441; *Campbell v. Fidelity and Casualty Co.,* 109 Ky. 661.

If the plaintiff's intestate had not recovered the full use of the mental and physical powers available for his protection when in normal condition, he was still "under the influence" of liquor within the meaning of the exception.   It is doubtless true that an exception of uncertain import is to be construed most strongly against the company.   But a plain, simple and unambiguous provision, which points clearly to a just and practicable criterion, is not to be so construed as to deprive the company of the protection for which it stipulates.   If it be conceded that there may be a recovery notwithstanding some impairment of the faculties from the immediate effect of drink, it is difficult to see upon what theory the courts can fix the limit that shall bar recovery.

*Judgment reversed, and judgment for the plaintiff for the smaller sum.*