## MOSSOP, Respondent, v. THE CONTINENTAL CASUALTY COMPANY, Appellant.

St. Louis Court of Appeals, April 20, 1909.

1. **ACCIDENT INSURANCE: Proofs of Loss: Timely Proofs.** Where an accident policy provided that "affirmative proof" of the loss of time on account of an accident should be furnished within thirty days from the termination of the period for which the company was liable, this condition was met when, before the expiration of the time lost, such proof was presented in complete form, accurately forecasting the future time the insured would lose.

2. ————: **Intoxication.** Where an accident policy provided that the insurance company should not be liable for a disability arising from an accidental injury received while the insured was under the influence of any intoxicant, this excluded liability for a disability so incurred while the insured was intoxicated whether the intoxication caused the accident or not.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Edwin S. Puller* and *Manton Maverick* for appellant.

Where the policy excepts injury happening while the insured is intoxicated, the exception applies to prevent a recovery whether the condition was the cause of the injury or not. 1 Am. and Eng. Enc. (2 Ed.), 318; Shader v. Assurance Co., 66 N. Y. 441; 23 A. R. 65; Standard L. A. I. Co. v. Jones, 94 Ala. 434; 5 Thomp. & C. (N. Y.) 643; Campbell v. Fidelity & C. Co., 109 Ky. 661; Carr v. Insurance Co., 100 Mo. App. 602; Mair v. Insurance Co., 37 L. T. R. 356, C. P. D. (Eng.) ; Flint v. Insurance Co. (Tex.), 43 S. W. 1079; Culley v. Insurance Co., 96 N. Y. S. 282; Affirmed 187 N. Y. 517; De Van v. Insurance Co., 92 Hun 256; Affirmed 157 N. Y. 690; 3 Joyce on Insurance, sec. 2612, p. 2547; 2 May on Insurance, sec. 531, p. 1258.

*Henry E. Haas* for respondent.

By the terms of the policy the injury must have the result of intoxication, quarreling or intentional act of another before the weekly indemnity could be reduced to one-eighth. (a) The conditions of the policy must be read together. Broom's Legal Maxims (7 Ed.), pp. 576, 588. (b) If the parts are repugnant the first mentioned must be adopted. The exception claimed by appellant for exception 4, is irreconcilable with the prior exceptions and should be rejected. Mining Co. v. Casualty Co., 126 Mo. App. 112. (c) Any ambiguity should be resolved in favor of the policy holder. LaForce v. Insurance Co., 43 Mo. App. 530; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301; Cunningham v. Casualty Co., 82 Mo. App. 607; Columbia P. S. Co. v. Casualty Co., 104 Mo. App. 157; Bank v. Insurance Co., 95 U. S.

673, 24 L. Ed. 563; Steamship Co. v. Indemnity Co., 56
C. C. A. 56. (d) The cases cited by appellant in point
V are not applicable because the policies sued on were
different in that they contained no provision requiring
the injury to be the result of intoxication, etc., as this
policy does. The answer pleads that the several condi-
tions which are mentioned in the policy caused the in-
jury to plaintiff; hence the court could not adopt a dif-
ferent construction. 2 Thompson on Trials, sec. 2309;
Morley v. St. Joseph, 112 Mo. App. 671; Veatch v. Nor-
man, 109 Mo. App. 387; Currey v. Harden, 109 Mo. App.
678, 681; Schawacker v. Dempsey, 83 Mo. App. 342;
Capital Bank v. Armstrong, 62 Mo. 59, 66; Bank v. Mur-
doch, 62 Mo. 70; Wade v. Hardy, 75 Mo. 394; Glass v.
Gelvin, 80 Mo. 297; Christian v. Insurance Co., 143 Mo.
469. If the policy is susceptible of the interpretation
claimed for it by the insured, that construction should
be adopted, even though intended otherwise by the
insurance company. LaForce v. Insurance Co., 43 Mo.
App. 530; Hoffman v. Insurance Co., 32 N. Y. 405; Rey-
nolds v. Insurance Co., 47 N. Y. 579. Final proof is not
mentioned in the policy. Affirmative proof is required
within thirty days after termination of disability, so
that the company may have opportunity to investigate,
and proof offered any time after accident and within
thirty days after recovery answers the requirements of
the policy. So the plaintiff construed the policy and if
it is susceptible of such interpretation it should be adopt-
ed. LaForce v. Insurance Co., 43 Mo. App. 530.

STATEMENT.—Action on an accident insurance policy
for twenty-one weeks indemnity at $15 a week or $315,
plaintiff alleging he was totally disabled during that
period by an accidental injury. This fact is not contest-
ed, the defenses being, first, failure to furnish proof of
loss as required by the policy, second, intentional in-
fliction of the injury by another person, third, that it

137 App.—26

was received while plaintiff was quarreling, fighting and violating the law, fourth, while he was intoxicated, fifth, was the result of intoxication. It is alleged any or all of those facts would excuse defendant from liability. The injury was received in the afternoon of December 17, 1906, and about the premises of a saloon kept by George Mills. According to plaintiff's version of the occurrence, he went into the saloon and asked for a drink of liquor. Mills refused him because of a dispute in the saloon two or three weeks before, ordered him out and just as he passed through the door slapped him on the back, but in a friendly way and without force enough to hurt or cause a fall. The saloon stood at the intersection of two streets and the walls did not join at right angles, but at the corner was a narrow wall set diagonally to the street and in it was the entrance to the saloon. A porch projected from the second story and was supported by a post located where the front and side walls of the building would have joined if they had met. The entrance of the saloon was set back some feet from this post and was elevated about a foot above the sidewalk, the triangular space between the entrance and the post being a raised platform. Plaintiff said in stepping off this platform he slipped, and in falling struck his knee against the iron post, thereby causing the injury, which was a fracture of the knee cap or patella. He testified he was perfectly sober, but there was evidence to prove he was intoxicated, had been in a quarrel with the saloon keeper and was ejected by the latter with a shove which might have caused him to fall. The policy provided for the payment of an indemnity to the plaintiff, or his wife, and the material parts said the indemnity would be paid on the conditions following:

"In the event the insured, while his policy is in force, shall receive personal, bodily injury, which is effected directly and independently of all other causes through external violent and purely accidental means (suicide sane or insane not included) and which causes

at once total and continuous inability to engage in any labor or occupation and provided that neither such injury nor inability is in consequence of nor contributed to by any bodily or mental defect disease or deformity of the insured.

PART I.      *      *      *      *      *

PART II.     WEEKLY INDEMNITY.

If such injury shall not result in any of the losses scheduled in Part I the company will pay said Weekly Indemnity for total loss of time necessarily resulting from injury as before described for such period not exceeding one hundred and four consecutive weeks, as the insured shall be under the treatment of a legally qualified physician or surgeon by reason of such injury.

PART III.     SPECIAL INDEMNITIES.

"A. In any of the losses covered by this policy and specified in parts I or II (1) where the accidental injury results from the intentional act of the insured or of any other person while the insured is not engaged in his occupation (assaults committed upon the insured for the sole purpose of burglary or robbery excepted) ; or (2) where the accidental injury results from or is received while quarreling, fighting or violating the law; or (3) where either the accidental injury or the loss results from any poison, asphyxiation or gas, or from fits, vertigo, somnambulism or intoxication, or from sunstroke or freezing sustained by the insured while not engaged in his occupation; or (4) where the accidental injury is sustained while the insured is insane, delirious or under the influence of any intoxicant or narcotic or while the insured is undergoing any surgical operation or treatment (except such as is made necessary solely by injury covered by this policy and performed within ninety days thereof) then and in all cases referred to in this paragraph A of Part III, the amount payable shall be one-

eighth of the amount, which otherwise would be payable under this policy, anything in this policy to the contrary notwithstanding, and subject otherwise to all the conditions in this policy contained."

B.    *    *    *    *    . *    "

Another paragraph required notice of a claim to be given by the insured or beneficiary to the company within fifteen days of an accident causing the loss for which claim was made, and "affirmative proof" to be furnished in case of loss of time, within thirty days from the termination of the period for which the company was liable; and declared no proceedings in law or equity should be brought to recover the indemnity until after the expiration of the time for filing proofs, or, in case the claim was for weekly indemnity, within one year from the termination of the period for which the company was liable. The policy as a whole is not preserved in the record. The answer denies either first notice or "affirmative proof" was given; but it was proved defendant received a card from plaintiff on December 28th, which appears to have been furnished by defendant, and contained blanks to be filled to state the date and hour of the accident, when plaintiff quit work, what he was doing when injured, what injuries he received, about how long he would be disabled, his occupation, address, doctor's name, number of the policy and some other matters. It was proved too, defendant received January 2, 1907, what is entitled "Claimant's Preliminary Notice of Injury," a document containing questions with blanks for answers, as did the card, but calling for more particulars than the latter; in truth, for all the details of the accident, and the kind, gravity and consequences of the injury. On the back were questions and blanks for the report of a surgeon, which were expected to be and were filled in by the surgeon then in attendance, in the hospital of the Missouri Pacific Railway Company where plaintiff lay, on thirty-five or forty patients who were suffering from injuries for which defendant might be lia-

ble. The surgeon's report stated the nature of plaintiff's injury and that it alone totally disabled him from attending to every part of his work, how the accident occurred according to plaintiff's statement, that his disability would continue for six or eight months, that the injury was not aggravated by any prior disease and he had no other chronic ailment, defect or deformity. This document was stamped by defendant: "Received April 10, 1907." The court left it to the jury to say whether defendant had been given notice of the injury within fifteen days after it happened, and thereafter and before filing suit, had furnished "affirmative proof" on one of defendant's forms; or, if this had not been done, whether defendant had waived notice. There was a verdict for plaintiff for full indemnity and defendant appealed.

GOODE, J. (after stating the facts).—It is insisted the verdict cannot stand because no affirmative proof in the meaning of the policy was furnished, and there was no evidence the company waived this proof. Defendant argues the whole indemnity for lost time was payable at the end of treatment, instead of weekly; and that the policy required proof of loss to be prepared and transmitted to the company after treatment had terminated; or after the expiration of one hundred and four weeks or two years, which was the maximum period of liability for loss of time. We will not decide when indemnity for such loss was payable, because part of the policy was omitted from the record, and the part presented suggests the omitted portion would bear on the question. That sufficient notice of the loss was given in fifteen days is conceded, but it is contended "affirmative proof" of loss was not made. The document received by the company April 10th stated every particular of plaintiff's accident and consequent disability, and was an adequate "affirmative proof," if not prematurely delivered. The policy is rather vague about what would be timely delivery, being precise only in requiring the

proof to be furnished within thirty days after the end of the liability period. This condition means it cannot be furnished after said thirty days, but not necessarily that it cannot be furnished before. If no indemnity was payable until the patient recovered, proof made thirty days after recovery would be in time; but proof made sooner in a complete form and forecasting accurately what future time the insured would lose, might satisfy a condition expressed as this one is. The natural construction of the contract is that indemnity was payable weekly, and, if so, proof of loss of time ought to precede the demand for payment. So far as we can determine from the portion of the policy in the record, it is our opinion the company received good and timely proof of loss.

The effect of the instructions on the issue of intoxication was to hold the company liable for indemnity at fifteen dollars a week, even though plaintiff was hurt while under the influence of intoxicating liquor, unless the injury was the result of his condition. This construction of the contract expunges an express proviso against liability for an injury received by the insured while under the influence of an intoxicant or narcotic. By virtue of said proviso, the company was as much exempt from liability for plaintiff's loss of time, if the loss was due to an injury received while he was intoxicated, but not in consequence of intoxication, as if the latter brought about the injury. Counsel argue that if the intention was to exclude liability for an injury received while plaintiff was intoxicated, regardless of a causal connection between his state and the injury, it was useless to insert the exemption for an injury resulting from intoxication, as the first proviso would embrace the latter. So it would; but we take the purpose to have been to word the contract so no doubt could arise about the non-liability of defendant in either event. Again, it is said to be unreasonable to excuse defendant merely because plaintiff was intoxicated, if the accident

would have happened any how.    An illustration is brought forward of this kind: suppose he had been hurt while intoxicated and on a street car in a collision of the car with another, would defendant be exempt?   We answer that any insurance company has the right to refuse to insure men against accidental injury while they are intoxicated, and there are good reasons why they should refuse to do so; to-wit, when a man is drunk he is less able to take care of himself, is more quarrelsome and hence more likely to get hurt than when he is sober; and if hurt, he may believe and testify his conduct had nothing to do with the accident, and obtain a verdict on that theory when, in truth, intoxication led to the injury.   Instances will occur where it is extremely difficult to determine what influence a state of intoxication had in bringing about an accident.   We need not speculate on the reasons for the terms of this contract; suffice to say they are not against public policy, must be supported according to their reasonable meaning and there is no doubt cast on their meaning by the language used or pertinent authorities.   The courts uniformly hold in construing a policy like the one in suit, that if the insured is injured while in an excepted state, or doing an excepted act, the company is not liable. [Shader v. Railroad, etc., Co., 66 N. Y. 441; 23 A. R. 65; Standard, etc., Co. v. Jones, 94 Ala. 434; Culley v. Acc. Insurance Co., 96 N. Y. S. 282; Campbell v. Insurance Co., 109 Ky. 661; 3 Joyce, Insurance, sec. 2612; 2 May, Insurance, sec. 531.]

The judgment is reversed and the cause remanded. All concur.