MARK J. RYAN, APPELLEE, v. CONTINENTAL CASUALTY COMPANY, APPELLANT.

FILED JUNE 16, 1913. No. 17,199.

1. **Appeal:** FINDINGS: REVIEW. On appeal, a special finding of fact by a jury will not be disturbed unless clearly wrong.

2. **Insurance:** CONSTRUCTION OF POLICY: RECOVERY. In a suit on a $500 accident insurance policy providing that, if the injury causing the loss results wholly or in part from the intentional act of insured or of any other person, the insurer's liability shall be one-fifth of the amount otherwise payable, plaintiff's recovery is limited to $100, where the uncontradicted evidence shows that assured was intentionally struck in the face by another person, who did not intend to kill him, and that assured fell backward, striking his head on the pavement and fatally fracturing his skull; the injury to his face by the initial blow not being serious.

APPEAL from the district court for Hall county. JAMES N. PAUL, JUDGE. *Reversed with directions.*

*M. P. Cornelius, Harrison & Prince* and *Manton Maverick,* for appellant.

*Arthur G. Abbott* and *O. A. Abbott, contra.*

Rose, J.

This is an action to recover $500 on an accident insurance policy dated January 29, 1909. Thomas P. Ryan, assured, died December 25, 1909. His brother, Mark J. Ryan, plaintiff, had been named in the policy as the beneficiary. Defendant offered to confess judgment for $100, and pleaded two defenses to the remainder of plaintiff's claim: (1) Assured was intoxicated when the injury resulting in his death was inflicted, and for that reason defendant is not liable for more than $100 under the terms of the insurance contract. (2) The injury causing the death of assured resulted wholly or in part from the intentional act of another person, a risk limited by the policy to one-fifth of the insurance otherwise payable. From judgment on the verdict of a jury in favor of plaintiff for $500, defendant has appealed.

1. The evidence of assured's intoxication at the time of the injury is very meager. This conclusion is reached after an examination of the evidence without reference to the abstracts. The jury made a special finding that assured was not intoxicated when injured, and on that issue there is ample evidence to sustain their verdict.

2. The question presented by the other defense is harder to answer. Under "Part V" of the policy, relating to "Special Accident Indemnities," the following provisions are found: "In any of the losses covered by this policy (1) where the injury causing the loss results wholly or in part from voluntary exposure to unnecessary danger or obvious risk of injury, or from the intentional act of the insured or of any other person (assaults committed upon the insured for the sole purpose of burglary or robbery excepted); * * * then in all cases referred to in this paragraph B of Part V the amount payable shall be one-fifth of the amount which otherwise would be payable under this policy, anything in this policy to the contrary notwithstanding, and subject otherwise to all the conditions in this policy contained."

Ryan v. Continental Casualty Co.

Defendant argues that within the meaning of the policy "the injury causing the loss" resulted "wholly or in part" from "the intentional act" of a person other than insured, that this fact is shown by uncontradicted evidence, and that consequently one-fifth of the amount otherwise payable, or $100, is the limit of recovery. During the evening of December 24, 1909, assured was engaged in performing the duties of his employment as a helper on the stage in the opera house at Wood River. After the performance, as late as 1 or 2 o'clock the next morning, he was in that city on the sidewalk in front of a public telephone office with one of the showmen and Charles Thompson. Witnesses who were in the telephone office at the time heard some of the remarks and saw what occurred. Thompson exclaimed, "I can lick you," and struck from his shoulder, hitting assured in the face. The latter fell backward, fracturing his skull on the pavement. Thompson and the showman gave him immediate attention, helped him to his feet, and took him to a railway station a short distance away, where he died. The blow struck by Thompson did not seriously injure assured's face. Death was caused by the injury on the back of his head. Thompson intended to strike assured. The evidence of these facts is uncontradicted. An intention on the part of Thompson to kill assured is not shown.

Under these facts can a recovery in excess of $100 be sustained without disregarding the terms of the policy? Defendant admits that decedent was insured against what actually occurred, but insists that its liability was limited by the contract to one-fifth of the face of the policy. Plaintiff argues that, since there is no proof of an intention on the part of Thompson to kill assured, his death was an accident entitling the beneficiary to a full recovery. In this connection it is contended by plaintiff that the words "wholly or in part," as they appear in the clause, "where the injury causing the loss results *wholly or in part* from voluntary exposure to unnecessary danger or obvious risk of injury," refer alone to the "exposure" and the "risk" mentioned in the clause in which they are used, and do not

modify "intentional act." The context, the grammatical construction, and the use of the disjunctive "or" between prepositional phrases which relate to the same subject condemn plaintiff's interpretation. It is clear that the words "wholly or in part" have the same relation to "intentional act" as they have to "voluntary exposure" and to "obvious risk." The words "wholly or in part" cannot be disregarded in their relation to "intentional act." No other construction is permissible. The inquiry is therefore reduced to this: Did the death of assured result wholly or in part from the intentional act of Thompson?

To sustain the proposition that the injury causing the death of assured "resulted from the sidewalk blow, and not from Thompson's intentional act," plaintiff cited a number of cases to which reference follows: In *Railway Officials & Employees Accident Ass'n v. Drummond*, 56 Neb. 235, the policy provided that the insurer "shall not be liable for injuries resulting from the intentional acts of the insured or any other person, or death resulting from such acts." The policy, so far as the report shows, contained no provision that, where the injury causing the loss results wholly or in part from the intentional act of the assured or of any other person, the assurer's liability shall be one-fifth of the amount otherwise payable. Assured was shot by a highwayman under circumstances indicating that the assassin's pistol was accidentally discharged. The terms of the policy and the facts, therefore, differ in material respects from those in the present case. Other cases cited by plaintiff are: *Richards v. Travelers Ins. Co.*, 89 Cal. 170; *Utter v. Travelers Ins. Co.*; 65 Mich. 545; *Manufacturers Accident Indemnity Co. v. Dorgan*, 58 Fed. 945; *Crandal v. Accident Ins. Co.*, 27 Fed. 40; *Accident Ins. Co. v. Crandal*, 120 U. S. 527. Each of these cases is distinguishable from the present one, either in the terms of the policy or in the facts.

As already stated, Thompson said, "I can lick you," and struck assured in the face, the latter falling backward and fatally fracturing his skull on the pavement. The in-

tention to strike is shown without contradiction. How can it be said that the injury causing the death of assured did not result wholly or in part from the intentional act of Thompson in striking him? Except for the blow in the face he would not have fallen and the injury causing his death would not have occurred. For the injury resulting in the loss in this case, the policy, under the uncontradicted evidence, made provision for payment of one-fifth of the amount otherwise payable. This conclusion is supported by the reasoning in analogous cases. *Mossop v. Continental Casualty Co.*, 137 Mo. App. 399, 118 S. W. 680; *Carr v. Pacific Mutual Life Ins. Co.*, 100 Mo. App. 602, 75 S. W. 180; *Shader v. Railway Passenger Assurance Co.*, 66 N. Y. 441; *Furry's Adm'r v. General Accident Ins. Co.*, 80 Vt. 526, 68 Atl. 655; *Fidelity & Casualty Co. v. Smith*, 31 Tex. Civ. App. 111, 71 S. W. 391; *Travelers Protective Ass'n v. Weil*, 40 Tex. Civ. App. 629; *Matson v. Travelers Ins. Co.*, 93 Me. 469, 45 Atl. 518. It follows that the judgment is reversed, with directions to the district court to enter a judgment in favor of plaintiff for $100; the costs in both courts to be taxed to him.

REVERSED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.