## LUDLOW v. LIFE & CASUALTY INS. CO. OF TENNESSEE.—217 S. W. (2d) 361.

Western Section.   July 2, 1948.

Petition for Certiorari denied by Supreme Court, Dec. 11, 1948.

Homer L. Armstrong and Thomas F. Turley, Jr., both of Memphis, for complainant.

Allen Cox, Jr., and Palmer Miller, both of Memphis, for defendant.

BAPTIST, J. The bill was filed by the complainant, Louise L. Ludlow, beneficiary under a policy issued to her deceased husband Frank Ludlow, by the defendant, Life & Casualty Insurance Company of Tennessee.

The deceased was accidentally killed in an automobile wreck while the policy was in force.

The policy is denominated on the face as an "Industrial Travel and Pedestrian Policy."

The weekly premium was five cents and accidental death benefit was in the amount of $1000.00, for which amount the suit is brought.

The question arises upon the following provision of the policy:

"This policy does not cover . . . loss or injury sustained by the insured while he has physically present in his body intoxicating liquors or narcotics in any degree."

In his determination of the case the Chancellor found:

"1. That the insured did have alcohol or intoxicating liquors in his body at the time of the accident which caused his death.

"2. The Court will also find as a fact, from the evidence here, that the presence of that alcohol physically in his body has no causal connection whatever with the occurrence of the accident or with the resulting death of the insured."

A decree was entered in favor of the complainant for $1000.00.

The defendant's motion for a new trial being overruled, the defendant has appealed to this Court and assigned errors.

By stipulation the cause was heard by the Chancellor on oral testimony of the witnesses in open Court.

The insured, Frank Ludlow, was employed by Newhouse & Company in the decoration and display business in Memphis.

On Friday afternoon, August 24, 1945 the deceased, two other employees and Mr. Newhouse, between five and six o'clock, drank either one or two pints of whiskey at Mr. Newhouse's place of business.

On leaving the place, the insured felt that he was not able to drive his car and had James Smith, the Negro porter, drive it.

According to the testimony of James Smith they drove to the Peabody Liquor Store where Mr. Ludlow went inside and returned with two-fifths (four-fifths of a quart) of whiskey. James Smith asked Mr. Ludlow several times where he lived, but Ludlow refused to tell him, and they drove to several different places. The insured continued to drink until he had consumed about one-half of one of the bottles containing four-fifths of a quart. They finally drove south on U. S. Highway 51 to Hernando, Mississippi, and on the return trip at about 8 o'clock P.M. and near the Mississippi and Tennessee State line there was a head-on collision with another vehicle. Mr. Ludlow was killed and the driver, James Smith, was seriously injured.

James Smith testifies that he had not taken a drink prior to the collision.

No question is made by the plaintiff on the Chancellor's finding that the insured had intoxicating liquors in his body at the time of the accident; in fact the plaintiff's proof shows that, at that time, the insured was intoxicated by drinking approximately a pint of whiskey within three hours.

The clause in this policy as to intoxicating liquors has not been construed by the Supreme Court of this State.

█ In the case of Moore v. Life & Casualty Ins. Co., 162 Tenn, 682, 683, 40 S. W. 2d 403, 404, Justice Cook, speaking for the Court, says:

"In cases involving controversy over contracts of insurance, the courts observe the rule that the intention of the parties is to prevail as that intention may be gathered from the language of the policy. In ascertaining the intention of the parties, construction of the policy is unnecessary except where ambiguity makes the contract susceptible to two interpretations. Then the policy is to be construed most favorably to the insured. Where ambiguity is lacking, resort to the rule designed to aid the court in ascertaining a doubtfully expressed intention is not permissible."

Again, in Inman v. Life & Casualty Ins. Co., 164 Tenn. 12, 45 S. W. 2d 1073, 1074, opinion by Justice Chambliss, it is said:

"We do not overlook the rule that ambiguous language in an insurance contract is to be construed most favorably to the insured. But, where the language is free from reasonable doubt, it is the obligation of the court to give effect to the contract as written."

And so if the language of the exclusion clause in the policy in question is not ambiguous, it is the duty of the court to give effect to the contract as written.

In our opinion the language in the exclusion clause is free from any ambiguity. It is plain and simple and susceptible of but one construction.

Nor do we think, under its terms that the defendant Insurance Company is required to show any causal connection between the insured's intoxicated condition and his injury.

In the absence of a construction of this clause by the Supreme Court the defendant has cited several cases from other jurisdictions.

In the case of Heltsley v. Life & Casualty Ins. Co., 299 Ky. 396, 185 S. W. 2d 673, the Kentucky Court construed the identical clause here involved in the following language:

"By the terms of its policy of insurance, the appellee agreed to pay the appellant the sum of $1,000 in the event of the accidental death of her son, Virgil Welborn, unless he had alcoholic or intoxicating liquor physically present in his body at the time of the accident. The son having been killed in an automobile accident and the appellee having declined to pay, the appellant instituted the present action which, by agreement of the parties, was tried before the court without the intervention of a jury. As finally submitted, only two questions, one of fact and one of law, were open for determination; (1) Did the insured have alcoholic or intoxicating liquor physically present in his body at the time of the accident? (2) Is the policy provision mentioned above contrary to public policy or unreasonable? The court found that the insured did have alcoholic or intoxicating liquor physically present in his body at the time of the accident and adjudged that the provision in question was not unreasonable nor contrary to public policy, and dismissed the appellant's petition. Hence, this appeal.

"To sustain the burden which it bore of proving that the insured did have alcoholic or intoxicating liquor physically present in his body at the time of the accident, the appellee introduced three witnesses, the pertinent portions of whose testimony we quote.

. . . . . .

"The exact language of the policy provision under consideration is: '. . . nor does it cover loss or injury sustained by the insured while he has physically present in his body alcoholic or intoxicating liquors in any degree. . . .' That this provision is not contrary to public policy; that it is not susceptible of double construction or of an interpretation that the extent or degree of intoxication is material; that it is not unreasonable, and that it does not constitute a limitation unavailable to appellee, is amply affirmed by the authorities both local and foreign. In Robinson & Son v. Jones, 254 Ky. 637, 72 S. W. 2d 16, 19, it is said: 'It is known of all men that the drinking of intoxicating liquor, though it be not done to the extent of actual intoxication, begets a spirit of recklessness, and is responsible for numerous accidents.' And in Equitable Life Assurance Society of United States v. Adams, 259 Ky. 726, 83 S. W. 2d 461, 464, 'It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed, . . .'

. . . . . .

" 'We have laid down in a number of cases certain generally accepted rules applicable in the construction of insurance contracts which are thus stated in Spring Garden Ins. Co. v. Imperial Tobacco Co., 132 Ky. 7, 116 S. W. 234, 20 L. R. A., N. S., 277, 136 Am. St. Rep. 164, where the court said: "The companies had the unquestioned right to insert as many reasonable provisions in the policy exempting them from liability as they thought proper or necessary. We know of no rule of law that denies to insurance companies this privilege. . . . Why, then,

should these words by which the companies undertook to limit their liability be stricken from the policies or ignored in their construction? They are not obnoxious to any principle of law or public policy. They are not surplusage. They are not in conflict with any other provisions in or words of the policies. They may be read harmoniously in connection with the other and subsequent clauses, and, when so read, become a material, intelligible part of the contract.'''

"The exact question which we have here was presented in Webb v. Imperial Life Ins. Co., 216 N. C. 10, 3 S. E. 2d 428, 431. In the course of its opinion in that case, which we approve, the court said: 'The defendant by the language of the policy excluded from its coverage injury suffered by the insured while he had present in his body intoxicating liquor. This was the contract between the parties, and the defendant was entitled to avoid liability upon proof that the insured had in his body, physically present, any quantity of intoxicating liquor, regardless of whether he thereby became intoxicated or not.'

"From what precedes, it follows that the judgment appealed from should be and it is affirmed."

Also in the case of Flannagan v. Provident Life & Accident Ins. Co., 4 Cir., 22 F. 2d 136, 137, it is said:

". . . This is an action at law for recovery on two accident insurance policies, one issued by the Provident Life & Accident Insurance Company, a Tennessee corporation, and one issued by the Employers' Indemnity Corporation, a Missouri corporation, both issued to T. H. Flannagan, with his wife, Emma N. Flannagan, the plaintiff in error and plaintiff below, as beneficiary.

"On the night of April 28, 1926, the deceased, T. H. Flannagan, was injured while driving an automobile be-

tween the towns of Haysi and Clintwood, in the Western district of Virginia. Prior to leaving Haysi he spent the evening at a hotel there, and, according to the evidence in the case, was drinking to such an extent that he was unquestionably intoxicated. . . .

"The policy issued by the defendant company, the Provident Life & Accident Insurance Company, contains the following provisions: 'This insurance does not cover fatal or nonfatal injuries received by the insured . . . while under the influence of intoxicants or narcotics; . . . while violating any law.'

"The policy issued by the Employers' Indemnity Corporation, contained the following paragraph:

" 'This insurance does not cover . . . accidents encountered while insured is intoxicated or under the influence of intoxicants or narcotics, whether such condition contributed either directly or indirectly to the accident; . . . accident encountered while violating law.'

.   .   .   .   .   .

"It is contended on behalf of the plaintiff that the policy should be construed strictly against the insurer and liberally in favor of the assured, and that such construction would render the defendants liable.

" 'The rules established for the construction of written instruments apply to contracts of insurance equally with other contracts.' Liverpool, etc., Ins. Co. v. Kearney, 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460.

" 'In every case, the fundamental inquiry must be as to the intention of the parties, to be gathered from the words of the policy.' Royal Ins. Co. v. Martin, 192 U. S. 149, 24 S. Ct. 247, 48 L. Ed. 385.

" 'If at all ambiguous, it is fundamental that contracts of insurance are to be construed most strongly against the insurer.' Accident Ins. Co. v. Grandal, 120 U. S. 527, 7 S. Ct. 685, 30 L. Ed. 740.

" 'But this rule cannot be availed of to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties. . . . ' 7 Encyc. U. S. Sup. Ct. Rep. pp. 101-103, and cases cited in notes; Hawkeye, etc., Ass'n v. Christy, 8 Cir., 294 F. 208, 40 A. L. R. 46; Speelman v. Iowa State, etc., Ass'n, 8 Cir., 4 F. 2d 501; Mack v. [Connecticut General Life] Insurance Co., 8 Cir., 12 F. 2d 416; [Universal Life] Insurance Co. v. Devore, 88 Va. 778, 14 S. E. 532.

"In this case the language of the contract is clear, simple, and plain, and there is no ambiguity that requires either a strict or a liberal construction. It not only seems to be reasonable, but it is apparently a necessity, that the parties should contract as they did, and, having so contracted, the contract must be given full force and effect.

. . . . . .

"It is argued that, even if there were intoxication and violation of law as contended by defendant, these would not defeat recovery, unless there was a causative connection between these and the death of insured, and that whether such causative connection existed or not was a question for the jury to determine. We think, however, that by their express provisions the policies do not cover injuries received while the insured was intoxicated or under the influence of liquor, as he clearly was at the time when he received the injuries resulting in his death, and that it was not necessary to show any causative connection between the intoxicated condition and the injuries. 1 C. J. 457; Standard Life [& Acc.] Ins. Co. v. Jones, 94

Ala. 434, 10 So. 530; Shader v. Railway Passenger Assur. Co., 66 N. Y. 441, 23 Am. Rep. 65; Furry's Adm'r v. General Accident Ins. Co., 80 Vt. 526, 68 A. 655, 15 L. R. A., N. S., 206, 130 Am. St. Rep. 1012, 13 Ann. Cas. 515; notes 9 Am. St. Rep. 176; 13 Ann. 13 Cas. 516. . . .''

In the case of Order of United Commercial Travelers of America v. Greer, 10 Cir., 43 F. 2d 499, 501, it is said:

''III. The third and principal assignment of error is leveled at the court's charge to the jury. The certificate exempts the defendant from liability if, at the time of the injury, the insured was 'under the influence of liquor or narcotics in any degree.' . . .

''One of the defenses interposed was that the insured was under the influence of liquor at the time of his death.

. . . . . .

''The charge given, so far as it suggests the necessity of a finding that the condition of intoxication contributed to the death, is in error. The language of the contract is plain. It exempts the defendant from liability if the insured was under the influence of liquor in any degree, and causative connection is no part of the contract. Courts construe contracts, and do not make them. Appellee cites several cases which hold that such clauses must be construed as ineffective unless a causal connection is shown. In some of them, the policy itself required a causal connection; others do support appellant's contention, but they are in the minority, and in our judgment are unsound. The provision in the policy in this case clearly relates to the status of the insured and not to the cause of death. It was so held by the Fourth Circuit in Flannagan v. Provident Life & Accident Ins. Co., 22 F. 2d 136. The Supreme Court of Kansas was confronted with the question in Bradshaw v. [Farmers' & Bankers'

Life] Insurance Co., 107 Kan. 681, 193 P. 332, 11 A. L. R. 1091. A clause in the insurance policy there involved exempted the insurer if death occurred while the insured was engaged in military or naval service in time of war; the insured was in the military service, but there was no connection between such service and his death. The Kansas court, in an able opinion by Chief Justice Johnston, reviewed all of the cases which had been theretofore decided and held that the weight of authority, as well as the weight of reason, required the holding that 'status and not causation is the ground for the limitation.' Other cases to the same effect are: (Here cites authorities.) If the insured was under the influence of liquor in any degree at the time of his death, there can be no recovery, and that part of the charge which required an additional finding that the intoxication contributed to his death was erroneous.''

We think that the opinions in the foregoing cases are according to logic, reason and the proper rules of construction and are applicable to the question here involved.

By no stretch of language can we read into this policy a requirement or condition that a causal connection must be shown where the insured has placed himself within the exception in question.

If there was any doubt as to the intention in this respect it is removed by the exception that the policy does not cover injuries sustained while the insured is committing some act in violation of law, provided that such violation of law has some causal connection with the accident, injury or loss.

This exception immediately follows the exception here in question. This evidences a clear intention that causal connection must be shown in the one case and not in the other.

The Chancellor states that his opinion is based on the case of National Bank of Commerce & Trust Co. v. New York Life Insurance Co., 181 Tenn. 299, 181 S. W. 2d 151, that but for that opinion he would feel constrained to follow the cases hereinbefore referred to from other jurisdictions; but that he infers from the cited case that it is the policy of the State of Tennessee as fixed by the Court of last resort in this State to go to the extreme verge of liberality in favor of construction for the benefit of insured under policies in this State.

We are unable to construe the cited case as changing in any way the rules of construction in this State in insurance cases.

Justice Chambliss held that the clause relied upon in defense was obviously ambiguous and therefore construed it in favor of the insured.

We are of the opinion that the Chancellor was in error in holding that it was necessary for the insurer to show causal connection between the insured's drinking intoxicants and his injury. Therefore, the defendant's assignment of error on this question is sustained.

The decree is reversed and the bill dismissed at the cost of the appellee, Louise L. Ludlow.

Adams, Special Judge, and Sweptson, J., concur.