**Cynthia BROWN, Plaintiff/Appellee,**

v.

**J.C. PENNEY LIFE INSURANCE COMPANY, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 3, 1992.

Rehearing Denied Sept. 23, 1992.

Permission to Appeal Denied by Supreme Court Oct. 26, 1992.

I.

On March 16, 1989, J.C. Penney Life Insurance Company issued a life insurance policy to Cynthia Brown. This policy covered both Cynthia Brown and her family members. The policy contained an exclusion which stated that "no benefits shall be paid for loss caused by or resulting from: ... an injury occurring while covered person is intoxicated." The policy also provided that the term "intoxicated" was to be defined for purposes of the policy by the laws of the jurisdiction in which the loss occurred.

On March 18, 1989, the plaintiff's spouse, David Brown was killed in an auto accident. Brown's body was examined by the Shelby County Medical Examiner who determined that Brown's blood alcohol content at the time of the accident was 0.16% and his urine alcohol content was 0.18%.

After the accident the plaintiff, as her husband's beneficiary under the policy, applied for $50,000 in benefits, the amount listed in the policy for auto related deaths on a covered family member. The defendant denied plaintiff's claim for benefits, relying on the exclusionary language in the policy. Plaintiff filed the instant lawsuit seeking to recover the benefits under the policy. In response, the defendant moved for summary judgment and attached the affidavit of the Shelby County Medical Examiner which stated the blood and urine alcohol content of the decedent at the time of his death. The defendant asserted that T.C.A. § 55–10–408(b) creates a presumption that a person operating a motor vehicle with greater than a 0.10% blood alcohol level is driving under the influence of alcohol and that this statute defines "intoxication" under Tennessee law as required by the insurance policy. The defendant insisted that since the affidavit of the medical examiner established that the decedent had greater than a 0.10% alcohol level at the time of the accident, he was intoxicated under Tennessee law and, therefore, it was entitled to summary judgment under the exclusion in the insurance policy for losses occurring while the covered person is intoxicated. The trial court denied the defendant's

Ira M. Thomas, Thomas & Thomas, Attorneys, P.C., Memphis, for plaintiff/appellee.

Albert C. Harvey and Elizabeth L. Simpson, for defendant/appellant.

HIGHERS, Judge.

Plaintiff, Cynthia Brown, filed this lawsuit in the Circuit Court at Shelby County seeking to recover insurance benefits from the defendant, J.C. Penney Life Insurance Company under a life insurance policy on her husband. We granted the defendant's interlocutory appeal of the trial court's decision denying its motion for summary judgment.

motion and we granted the defendant's interlocutory appeal of the trial court's decision.

## II.

■ The first issue we address is whether it is appropriate for the defendant to rely on the language of T.C.A. § 55–10–408(b) to establish that the decedent was intoxicated pursuant to the exclusionary language in the policy at the time of the loss. The policy language specifically states that intoxication "means that which is determined and defined by the laws and jurisdiction of that geographical area where the loss or cause of loss was incurred." Under this language we must look to the laws of Tennessee defining intoxication to determine whether the decedent was intoxicated at the time of his death since the accident in which Brown died occurred in Tennessee.

Plaintiff concedes that T.C.A. § 55–10–408(b) is the only law in this jurisdiction regarding the question of whether a person is intoxicated upon the finding of a particular blood alcohol level. In *McIntyre v. Balentine,* 833 S.W.2d 52 (Tennessee Supreme Court, 1992), our Supreme Court recently approved the use of this statute in a jury instruction where the issue was whether one of the parties to a civil action was intoxicated at the time of an accident. Similarly, we believe that the presumption of intoxication created by this statute is also the definition of "intoxication" contemplated by the insurance policy at issue here.

Since the statute creates only a presumption of intoxication, however, we do not believe that a finding of a 0.10% blood alcohol conclusively establishes that the insured was intoxicated at the time of the loss. Instead, the statute may be used by the defendant to create a rebuttable presumption that the decedent was intoxicated at the time of the loss but the plaintiff may introduce evidence to overcome this presumption. Accordingly, we hold that the trial court may consider the definition of intoxication from T.C.A. § 55–10–408(b) in determining whether the decedent was intoxicated pursuant to the language of the insurance policy at the time of the accident; however, the plaintiff may also introduce evidence that the decedent was not

intoxicated at the time, even though he had a blood alcohol level of greater than 0.10% at the time of the accident. If the presumption is not rebutted by the plaintiff then the defendant has conclusively established that the decedent was intoxicated as that term is defined by the laws in Tennessee. If, on the other hand, the plaintiff does put on evidence to rebut this presumption then the trier of fact must determine whether by reason of drinking intoxicants, the plaintiff did not have the normal use of his physical or mental faculties, and thus was rendered incapable of acting in a manner in which an ordinarily prudent and cautious person, in full possession of his faculties, using reasonable care, would act under like conditions.

## III.

We must next consider whether the trial court properly denied the defendant's motion for summary judgment in light of our holding that the presumption of intoxication found in T.C.A. § 55–10–408(b) may be utilized to determine whether the decedent was intoxicated within the meaning of the insurance policy. The defendant argues that summary judgment is proper in this case since it introduced evidence that the decedent was intoxicated at the time of the accident and the plaintiff failed to produce any evidence at all to rebut this evidence in responding to the defendant's motion for summary judgment.

It is well settled that the party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law. *Jones v. Home Indemnity Ins. Co.,* 651 S.W.2d 213, 214 (Tenn.1983); *Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476, 480 (Tenn. App.1978). When presented with a motion for summary judgment, the trial court and this Court must see the evidence in the light most favorable to the non-moving party and, if any material factual dispute exists, must deny the motion. *Jones,* 651 S.W.2d at 214.

■ While the moving party has the burden of demonstrating that no factual dispute exists, under T.R.Civ.P. 56.05,

[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

This language has been interpreted to mean that once a motion for summary judgment has been made and properly supported, the non-moving party must affirmatively demonstrate, using the discovery materials listed in T.R.Civ.P. 56.03, that there are sufficient factual disputes to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978). Thus, when the moving party has made a properly supported motion for summary judgment, the burden of production of evidence shifts to the non-moving party to produce evidence which would establish a genuine factual dispute.

■ In order for the burden of production to shift to the non-moving party, the moving party must affirmatively demonstrate that no material factual dispute exists and that it is entitled to judgment as a matter of law. A moving party may demonstrate an entitlement to a judgment as a matter of law in several ways. First, it may affirmatively negate an essential element of the non-moving party's claim. Second, it may conclusively establish an affirmative defense that defeats the non-moving party's claim. The moving party may also demonstrate that it is entitled to a judgment as a matter of law by showing that the non-moving party cannot establish an essential element of its case. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, at 130–31 (2d ed. 1983); Martin B. Lewis, *Federal Summary Judgment Doctrine: A Critical Analysis*, 83 Yale L.J. 745, 750 (1974). When the moving party, as in the instant case, attempts to demonstrate an entitlement to summary judgment relying on an affirmative defense that defeats the non-moving party's claim, this affirmative showing is not met when the moving party simply points to evidence in support of its position but which

standing alone would not entitle it to judgment as a matter of law.

■ Applying this rule to the instant case, in order for us to find that the defendant is entitled to have its motion for summary judgment granted, it must have demonstrated an entitlement to judgment as a matter of law, even though the plaintiff failed to produce any evidence in response to the motion. The defendant's motion relies upon the exclusionary language in the insurance policy which excludes coverage for losses "caused by or resulting from ... an injury occurring while the covered person is intoxicated." The plaintiff argues that the defendant's evidence must establish that the decedent was intoxicated at the time of the accident *and* that the loss was "caused by or resulted from" this intoxication. The unambiguous language of the policy, however, does not support this contention. The policy exclusion does not speak of intoxication as a "cause" of the loss or injury; instead, it states that no benefits shall be paid for a loss "caused by or resulting from ... an injury occurring *while* covered person is intoxicated." (Emphasis supplied.) *Ludlow v. Life & Casualty Ins. Co.*, 31 Tenn.App. 508, 217 S.W.2d 361 (1948), construed a similar policy provision, and held:

> By no stretch of language can we read into this policy a requirement or condition that a causal connection must be shown where the insured has placed himself within the exception in question.

217 S.W.2d at 365. The affidavit of the medical examiner and the toxicology report support a finding that the decedent was intoxicated at the time of the accident. No countervailing evidence was offered by the plaintiff to create a genuine material issue of fact. In the absence of any rebuttal evidence, the presumption becomes conclusive and brings the loss within the exclusionary language of the policy.

In sum, we hold that it is appropriate for the trial court to use the presumption of intoxication created by T.C.A. § 55–10–408(b) as the definition of intoxication under the exclusionary clause in the insurance policy. This definition creates a rebuttable presumption of the decedent's intoxication which

**838**

becomes conclusive in the absence of any rebuttal evidence. We hold, therefore, that the trial court erred in failing to grant the defendant's motion for summary judgment since no disputed issue of a material fact existed as to whether the loss in this case fell within the exclusionary language of the policy. The judgment of the trial court is reversed and the complaint is dismissed. Costs are adjudged against the plaintiff.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.