IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 20, 2003 Session

## DANIEL BILLS, JR., ET AL. V. CONSECO INSURANCE CO.

Direct Appeal from the Chancery Court for Sumner County
No. 2001C-296     Tom E. Gray, Chancellor

No. M2002-01906-COA-R3-CV - Filed October 28, 2003

This appeal arises from the alleged wrongful denial of insurance coverage due to an intoxication
exclusion in an insurance policy. The trial court granted the insurance company's motion for
summary judgment, dismissing the case with prejudice. The parties raise a single issue on appeal.
For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which David R. Farmer, J., joined and
Holly M. Kirby, J., concurred separately.

Michael W. Edwards, Hendersonville, TN, for Appellants

Martin B. Bailey, Knoxville, TN, for Appellee

### OPINION

### Facts and Procedural History

Daniel Bills, Jr. ("Bills, Jr."), a minor, was injured when his car struck a telephone pole on
September 9, 2000 at approximately 12:44 a.m. Bills, Jr. admitted to drinking five (5) beers inside
a five (5) hour period the night of the accident, but claimed that the accident occurred because the
roads were wet with rain and his tires slid out from under him. The officer who arrived on the scene
smelled the odor of alcohol on Bills, Jr.'s breath, but did not perform any sobriety tests at the scene.

According to Bills, Jr., he was given pain medication while in the ambulance on his way to
Hendersonville Hospital. Upon arrival, the hospital took a blood sample and performed a blood
alcohol test which indicated that Bills, Jr. had a BAC level of 0.137. These results were
subsequently provided to the police officer and Bills, Jr. was charged with driving under the

influence ("DUI"), but the Sumner County Juvenile Court dismissed the DUI charge and found Bills, Jr. guilty of reckless driving.

Bills, Jr. and his parents, Daniel Bills, Sr. and Deborah Bills (collectively "the Bills") are insured under a group health insurance policy provided by Conseco Insurance Company ("Conseco"). Their policy contains an intoxication exclusion which states that Conseco will not pay claims for any loss resulting from "any loss sustained or contracted while an insured person is intoxicated, under the influence of intoxicants. . . 'Intoxication' means that which is determined and defined by the laws and jurisdiction of that geographical area in which the loss or cause of loss was incurred. . . ."

As a result of this accident, the Bills incurred medical expenses totaling $18,451.82. The Bills submitted the medical bills to Conseco, but Conseco denied the claim based upon the intoxication exclusion. Subsequently, the Bills sued Conseco for bad-faith denial of insurance coverage, pursuant to Tennessee Code Annotated section 56-7-105, or in the alternative for breach of the insurance policy by a wrongful denial of coverage.

The Bills' suit was based on their allegations that Bills, Jr. had not been determined "intoxicated" by a court of law. The Bills argued that Conseco violated Tennessee Code Annotated section 56-7-105 and sought damages for $18,451.82 (the total amount of the medical bills), accrued interest on the medical bills, pre-judgment interest, and an amount equal to twenty-five percent (25%) of the medical bills for attorney fees, costs, and loss of time. In the alternative, the Bills argued that Conseco breached the insurance policy by wrongfully denying coverage. Under this theory, the Bills sought to recover $18,451.82 for medical bills, accrued interest on the medical bills, pre-judgment interest, and loss of time.

On October 11, 2001, Conseco filed a motion to dismiss for failure to state a claim upon which relief can be granted. In response, the Bills argued that the intoxication exclusion violated public policy and that the complaint stated a valid claim because Bills, Jr. was not determined to be intoxicated by a court in a criminal proceeding. The Bills also argued that there were facts outside the pleadings that sufficiently rebutted the presumption that Bills, Jr. was intoxicated. The trial court denied Conseco's motion by order dated December 19, 2001.

Thereafter, on May 15, 2001, Conseco filed a motion for summary judgment, asserting that Conseco was entitled to judgment as a matter of law. In response, the Bills asserted that the intoxication exclusion violated public policy, that Bills, Jr. should have first been determined to be intoxicated in a criminal proceeding, that material facts existed as to whether or not Bills, Jr. was intoxicated, and that even if Bills, Jr. was intoxicated at the time of the accident, there should be a causal connection between the intoxication and the accident.

By order entered July 23, 2002, the trial court granted Conseco's motion for summary judgment, dismissing the case with prejudice. Thereafter, the Bills timely filed their notice of appeal and raise the following issue for our review.

## Issue

I.  Whether the trial court erred in granting Conseco's motion for summary judgment dismissing the case in its entirety.

## Standard of Review

The standard of review to be applied when assessing a motion for summary judgment was set forth by our Supreme Court in Staples v. CBL & Associates., Inc., 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588, *89; Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.[1]

---

[1] A non-moving party may satisfy his or her burden by (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's

(continued...)

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).

Staples, 15 S.W.3d at *88 -89.

## Law and Analysis

The Bills first argue that a determination of intoxication by a criminal court should be required before coverage can be denied under an intoxication exclusion. Specifically, the Bills argue that since the charge of DUI was dismissed and the Sumner County Juvenile Court found Bills, Jr. guilty of reckless driving, a non-alcohol related offense, Bills, Jr. was not determined to be intoxicated.

The exclusion at issue provides in pertinent part as follows:
Claims will not be paid for any loss resulting from:
. . .
any loss sustained or contracted while an insured person is intoxicated, under the influence of intoxicants or under the influence of any narcotic unless administered on the advice of a physician. "Intoxication" means that which is determined and defined by the laws and jurisdiction of that geographical area in which the loss or cause of loss was incurred.

The plain language of the policy does not require a criminal conviction. This Court will not rewrite the contract for the parties. It is our duty to enforce the insurance policy as written. Allen v. Blue Cross and Blue Shield of Tennessee, No. 02A01-9511-CV-00253, 1997 Tenn. App. LEXIS 169, at *6 (Tenn. Ct. App. Apr. 12, 1997). We are "not at liberty to rewrite policies of insurance to provide coverage where no coverage was intended." Id. (citing Spears v. Commercial Ins. Co. of Newark, New Jersey, 866 S.W.2d 544, 548 (Tenn. Ct. App. 1993)).

---

[1](...continued)
papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn. R. Civ. P. 56.06. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588; Byrd v. Hall, 847 S.W.2d at 215, n. 6.

In Brown v. J.C. Penny Life Insurance Co., 861 S.W.2d 834 (Tenn. Ct. App. 1992), this Court held that Tennessee Code Annotated section 55-10-408(b)[2] could be used to give rise to a presumption that the insured was intoxicated. In that case, we did not require a charge, guilty plea or a conviction. See id. All that was required to invoke the presumption was that the insured had a BAC of 0.10%. Where there is insufficient evidence to rebut this presumption, it becomes conclusive. We hold that a criminal conviction is not required, under the language of the policy at issue, to invoke the presumption of intoxication found in Tennessee Code Annotated section 55-10-408(a). Thus, we find no merit to the Bills' argument.

Next, the Bills argue that the intoxication exclusion violates public policy. Specifically, the Bills argue that the policy is a group health policy, and as such, they were unable to bargain over the intoxication exclusion contained in the policy. The Bills note that Tennessee Code Annotated section 56-26-109,[3] provides as follows:

> Except as provided in § 56-26-110, no such policy delivered or issued for delivery to any person in this state shall contain provisions respecting the matters set forth below, unless such provisions are in the substance of the words in which the same appear in this section; provided, that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different wording, approved by the commissioner, which is not less favorable in any respect to the insured or the beneficiary. Any such provision contained in the policy shall be preceded individually by the appropriate caption appearing in this section or, at the option of the insurer, by such appropriate individual or group captions or subcaptions as the commissioner may approve.
> . . .
> (11) *Intoxicants and Narcotics.* The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician.

---

[2] Section 55-10-408 has been amended since the Brown decision and now section 55-10-408(a) is applicable. This section provides in pertinent part:

> For the purpose of proving a violation of § 55-10-401(a)(1), evidence that there was, at the time alleged, ten-hundredths of one percent (.10%) or more by weight of alcohol in the defendant's blood shall create a presumption that the defendant's ability to drive was sufficiently impaired thereby to constitute a violation of § 55-10-401(a)(1).

TENN. CODE ANN. § 55-10-408(a). Section 55-10-408(b) only applies if the defendant has "been convicted one (1) or more times of violating the provisions of § 55-10-401" and the presumption of intoxication is 0.08%. TENN. CODE ANN. § 55-10-408(b). The 2002 amendment, which became effective July 1, 2003, substituted "'eight-hundredths of one percent (.08%)'" for "'ten-hundredths percent (.10%)'" and deleted section (b) altogether. See TENN. CODE ANN. § 55-10-408. The 2002 amendment, however, is not applicable to the present case as the incidents giving rise to this suit occurred prior to the amendment's effective date.

[3] In their brief, the Bills cite to section 56-26-108, but the correct provision is section 56-26-109.

TENN. CODE ANN. § 56-26-109.  Also noted by the Bills, group insurance policies, such as the one in the present case, are excluded from the above statute by Tennessee Code Annotated section 56-26-122, which provides in pertinent part:

> a) Except as provided in subsection (b), nothing in this chapter applies to, or shall affect:
> . . .
> (3) Any blanket or group insurance policy; or
> . . .
> (b) Sections 56-26-101 -- 56-26-103 and 56-26-105 apply to any blanket or group insurance policy.

TENN. CODE ANN. § 56-26-122.  As the Bills concede, the "Legislature has remained silent as to whether such an alcohol exclusion is allowable in a group health insurance policy and there appears to be no case law in Tennessee or any other jurisdiction for that matter holding such a provision void as violating public policy."  In light of the above statutes and the lack of authority from any jurisdiction, we find no merit in the Bills' argument.  Any unfairness in the statutes at issue, which we do not concede, is best directed to our legislature.

The Bills also argue that this Court should construe the intoxication exclusion to read that the insured's intoxication have a causal connection to the accident before coverage can be denied.  The Bills argue that the exclusion clause is ambiguous and as such this Court should construe it in the light most favorable to the insured.

If the contract of insurance is ambiguous, then the language is to be construed most favorably to the insured.  Moore v. Life & Cas. Ins. Co., 40 S.W.2d 403 (Tenn. 1931).  Where there is no ambiguity, however, construction of the policy language is not permitted.  Id.  We find that there is no ambiguity in the intoxication exclusion at issue.  The exclusion clearly provides that: "claims will not be paid for any loss resulting from: . . .any loss sustained or contracted *while* an insured person is intoxicated, under the influence of intoxicants . . . ." (emphasis added).  The exclusion does not provide for a causal connection.  We have previously held that "courts are not at liberty to rewrite an insurance policy solely because they do not favor its terms, Black v. Aetna Ins. Co., 909 S.W.2d at 3, and must avoid forced constructions that render a provision ineffective or extend a provision beyond its intended scope."  Merrimack Mut. Fire Ins. Co. v. Batts, 59 S.W.3d 142, 148 (Tenn. Ct. App. 2001) (citing Demontbreun v. CNA Ins. Co., 822 S.W.2d 619, 621 (Tenn. Ct. App. 1991)).

The Bills, claiming that Brown is "not grounded in reason and is basically not good law," urge this Court to apply the law of other jurisdictions that require a casual link.  Contrary to the Bills' assertion, we find that Brown is "good law" and is the controlling law in this state.  The policy exclusion in Brown provided that "'no benefits shall be paid for loss caused by or resulting from: . . . an injury occurring *while* covered person is intoxicated.'"  Brown, 861 S.W.2d at 835 (emphasis added).  This Court rejected the insured's argument that a causal connection should be inserted into the exclusion clause of the insurance policy.  Id. at 837.  In doing so, we found that the language of

the policy was unambiguous and that "the policy exclusion [did] not speak of intoxication as a 'cause' of the loss or injury; instead, it state[d] that no benefits shall be paid for a loss 'caused by or resulting from . . . an injury occurring *while* covered person is intoxicated.'" Id. (emphasis added). In reaching this conclusion, we cited Ludlow v. Life & Casualty Insurance Co. of Tennessee, 217 S.W.2d 361 (Tenn. Ct. App. 1948), a case with a policy provision similar to the one in Brown and the case at bar.

The provision in Ludlow provided that there would be no coverage for "loss or injury sustained by the insured *while* he has physically present in his body intoxicating liquors. . ." Ludlow, 217 S.W.2d at 361 (emphasis added). This Court held that the language of the policy was plain and that "[i]t exempt[ed] the defendant from liability if the insured was under the influence of liquor . . ., and causative connection [was] no part of the contract." Id. at 364. We further held: "[b]y no stretch of language can we read into this policy a requirement or condition that a casual connection must be shown where the insured has placed himself within the exception in question." Id. at 365. Likewise, we find that the language used in the exclusion clause in the present case is plain, unambiguous, and clearly does not require a causal connection between the insured's intoxication and the loss. As such, we find no merit in the Bills' argument.

Finally, the Bills argue that if Brown is the controlling law, then summary judgment was improper because issues of material fact existed as to whether Bills, Jr. was intoxicated at the time of the accident. The Bills argue that they should be allowed to put forth proof demonstrating that Bills, Jr. was not intoxicated and that the determination of intoxication should be made by the trier of fact. We find that Brown is the controlling law in the state on this issue.

In Brown, the decedent was insured under a life insurance policy which provided that "'no benefits shall be paid for loss caused by or resulting from: . . . an injury occurring while covered person is intoxicated.'" Id. at 835. Under the policy, the term "intoxicated" was defined by the laws of the jurisdiction where the loss occurred. Id. Subsequent to her husband's death, the plaintiff filed a claim, seeking to recover benefits under the policy. After J.C. Penny denied the claim based on the intoxication exclusion, the plaintiff filed suit. Id. Thereafter, J.C. Penny filed a motion for summary judgment, asserting that Tennessee Code Annotated section 55-10-408(b) created a rebuttable presumption that "a person operating a motor vehicle with greater than a 0.10% blood alcohol level is driving under the influence of alcohol and that this statute defines 'intoxication' under Tennessee law as required by the insurance policy." Id. Since the deceased had a BAC of 0.16% at the time of the accident, J.C. Penny argued that it was entitled to summary judgment because the decedent was intoxicated under the laws of Tennessee. The trial court, however, disagreed and denied the motion. Id. at 836. On appeal, we reversed, holding that the presumption of intoxication enumerated in Tennessee Code Annotated section 55-10-408(b) may be used to determine whether a person is intoxicated within the meaning of an exclusionary clause in an insurance policy. Id.

In reaching this result, we noted that:

Since the statute creates only a presumption of intoxication, however, we do not believe that a finding of 0.10% blood alcohol conclusively establishes that the insured was intoxicated at the time of the loss. Instead, the statute may be used by the defendant to create a rebuttable presumption that the decedent was intoxicated at the time of the loss but the plaintiff may introduce evidence to overcome this presumption. Accordingly, we hold that the trial court may consider the definition of intoxication from T.C.A. § 55-10-408(b) in determining whether the decedent was intoxicated pursuant to the language of the insurance policy at the time of the accident; however, the plaintiff may also introduce evidence that the decedent was not intoxicated at the time, even though he had a blood alcohol level of greater than 0.10% at the time of the accident. If the presumption is not rebutted by the plaintiff then the defendant has conclusively established that the decedent was intoxicated as that term is defined by the laws in Tennessee. If, on the other hand, the plaintiff does put on evidence to rebut this presumption then the trier of fact must determine whether by reason of drinking intoxicants, the plaintiff did not have the normal use of his physical or mental faculties, and thus was rendered incapable of acting in a manner in which an ordinarily prudent and cautious person, in full possession of his faculties, using reasonable care, would act under like conditions.

Id. at 836. J.C. Penny submitted evidence that supported a finding that the decedent was intoxicated at the time of the accident. The plaintiff offered no countervailing evidence that created a genuine issue of material fact and as such, the presumption of intoxication became conclusive and summary judgment was appropriate. Id. at 837.

Similarly, we hold that Conseco may use Tennessee Code Annotated section 55-10-408(a) to establish a presumption that Bills, Jr. was intoxicated at the time of the accident. In support of its motion for summary judgment, Conseco argued that because Bills, Jr.'s BAC was 0.137 he should be presumed intoxicated. In response, the Bills argued that Bills, Jr. was given pain medication in the ambulance and that this medication may have effected the BAC level, which test was given at the hospital. The Bills also asserted that the first police officer on the scene did not conduct any sobriety tests, that one of the paramedics informed Mr. Bills that Bills, Jr. was not intoxicated and was "perfectly fine," and that neither Ms. Bills or Mr. Bills detected the smell of alcohol on their son. Finally, while the Bills concede that Bills, Jr. consumed five (5) beers within five (5) hours, the Bills argue that Bills, Jr. was 6'3" and weighed approximately 200 pounds at the time of the accident.

We find that none of the Bills' allegations create a material factual dispute. This Court has previously held that the "non-moving party's burden is not satisfied by simply showing that there is some 'metaphysical doubt as to the material facts.' Rather, the non-movant must show that the record would support a finding by a 'rational trier of fact' in favor of the non-movant." Maynard v. The Vanderbilt Univ., No. 01-A-01-9211-CH-00437, 1993 Tenn. App. LEXIS 351, at *16-17 (Tenn. Ct. App. May 14, 1993) (citations omitted). In order to avoid summary judgment, the non-movant

must "come forward with 'other evidence that is sufficiently unambiguous to permit a trier of fact to find [in favor of that party].'" Id. at *17 (citations omitted). To defeat a properly supported motion for summary judgment, the non-movant must produce "'concrete evidence from which a reasonable juror could return a verdict in his favor.'" Id. at *17-18 (citations omitted).

When these standards are applied to the case *sub judice*, it is clear that summary judgment was appropriate. The Bills do no more than allege the possibility of a factual dispute, which is not sufficient to evade summary judgment. Accordingly, the trial court is affirmed.

## Conclusion

For the foregoing reasons, we affirm. Costs on appeal are taxed to the Appellants, Daniel Bills, Sr., Deborah Bills, and Daniel Bills, Jr., and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE