IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 24, 2008 Session

**RONALD E. CROOK**
**v.**
**LANDON DESPEAUX**

**Appeal from the Circuit Court for Shelby County**
**No. CT-002869-06    Rita L. Stotts, Judge**

**No. W2007-00941-COA-R3-CV - Filed November 19, 2008**

This is an appeal from a grant of summary judgment in a personal injury case. The plaintiff, a diabetic, consumed a substantial amount of alcohol and then proceeded to drive south towards an intersection. At about the same time, the defendant was traveling east toward the same intersection. The plaintiff's vehicle skidded, hit the curb, and then collided with a telephone pole. After the one-car accident, the plaintiff followed the defendant and his family to a nearby parking lot and accused the defendant of running the stop sign at the intersection and causing the plaintiff's accident. After that, the police arrived and gave the plaintiff a breathalyzer test, which he failed. The plaintiff was later convicted of reckless driving and driving under the influence of an intoxicant in connection with the accident. At his criminal trial, the plaintiff admitted drinking alcohol and that his tires were in poor condition. The plaintiff nevertheless filed a negligence claim against the defendant. The defendant filed a motion for summary judgment. The trial court granted summary judgment to the defendant, finding that, based on the plaintiff diabetic's intoxication and faulty tires, he was, as a matter of law, at least fifty percent at fault for his own injuries. The plaintiff appeals, arguing that the trial court erred in granting the defendant's motion for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and WALTER C. KURTZ, SP. J., joined.

Appellant, Ronald E. Crook, Memphis, Tennessee, *pro se*

Kevin Baskette, Memphis, Tennessee, for the Appellee Landon Despeaux

# MEMORANDUM OPINION[1]

Late in the afternoon of July 30, 2004, Plaintiff/Appellant Ronald E. Crook ("Crook"), a diabetic, drank a substantial quantity of alcohol and then proceeded to drive on the streets in Memphis, Tennessee. At approximately 6:00 p.m. that day, he was traveling through the intersection of Shady Grove Road and South Perkins Road, lost control of his vehicle, slid into the curb, and crashed into a telephone pole. At the same time, Defendant/Appellee Landon Despeaux ("Despeaux") was driving his family van, taking his wife and family out to dinner. As he passed through the intersection of Shady Grove and South Perkins, he looked in his rear view mirror and saw Crook's vehicle hit the telephone pole. Before Despeaux could turn his vehicle around to check on the driver who hit the pole, he saw Crook put his car in reverse and drive back into the street, so Despeaux continued to the restaurant. Crook followed Despeaux and his family to the restaurant parking lot and confronted them, accusing Despeaux of having rolled through a stop sign at the intersection and causing the accident. Alarmed at Crook's parking lot confrontation, Despeaux's wife called the police.

When police officers arrived at the parking lot, they arrested Crook for driving under the influence and reckless driving. Crook voluntarily submitted to a breathalyzer test, which indicated a blood alcohol concentration of 0.150.[2] Crook was charged with driving under the influence of an intoxicant and reckless driving.

A criminal trial ensued. At his criminal jury trial, Crook testified that he suffered from diabetes and admitted that he had consumed approximately sixty ounces of beer not long before the accident. He conceded that he was aware that, as a diabetic, he should not drink alcohol. Despite this, Crook maintained at his criminal trial that he was not intoxicated at the time of the accident. Crook asserted that, after the accident while waiting for the police to arrive, he quickly drank another forty-eight ounces of beer.[3] At trial, Crook also conceded that the poor condition of his tires may have contributed to the accident.

---

[1] **Rule 10. Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2] It is unlawful to operate an automobile with a blood alcohol concentration at or above 0.08%. T.C.A. § 55-10-401(a)(2) (2004).

[3] Mr. and Mrs. Despeaux testified at the criminal trial that, from the time that Crook confronted them in the parking lot until the police arrived, Crook was continuously in their presence, except for an approximately thirty-second interval in which Crook retrieved a notepad from his car, and that they did not see him drink any alcohol.

After hearing Crook's testimony, the jury found him guilty on the charges of driving under the influence and reckless driving. He received concurrent sentences of eleven months, twenty-nine days with service of four days for each conviction. He appealed his conviction and sentence to the Tennessee Court of Criminal Appeals, which affirmed both. *See State v. Crook*, No. W2005-02476-CCA-R3-CD, 2006 WL 3516216, at *5 (Tenn. Crim. App. Dec. 6, 2006).

Meanwhile, undeterred by the criminal charges against him, Crook caused a civil warrant to be issued against Despeaux in the Shelby County General Sessions Court. In the civil warrant, Crook sought a judgment for property damage in the amount of $25,000. Crook's complaint alleged, *inter alia*, that Despeaux's vehicle went though the intersection of Shady Grove and Perkins at the same time Crook went through the intersection, and that Despeaux failed to stop at the stop sign, cut off Crook's vehicle, and stopped suddenly. When Crook reacted, his vehicle slid on the wet pavement, hit the curb, and then hit the telephone pole. Crook further asserted that Despeaux's actions amounted to negligence. On May 23, 2006, the General Sessions Court entered judgment in favor of Despeaux. Crook appealed the General Sessions judgment to the Shelby County Circuit Court.[4]

In Circuit Court, Despeaux filed a motion for summary judgment. In support of his motion, Despeaux cited the following undisputed facts:

6.    [Crook] submitted to a breathalyzer test, which demonstrated the plaintiff to have a blood alcohol content of .150. At the time of this accident, the legal limit for intoxication in the State of Tennessee was .08.

7.    During his DUI trial, Mr. Crook admitted that on the day of the accident, before the accident occurred, he purchased two 41-ounce bottles of Miller High Lite beer from the Superlo Foods . . . .

8.    Mr. Crook consumed 60 ounces of this beer at his home over a four hour period.

9.    Mr. Crook is a diabetic who is insulin dependent.

10.   Mr. Crook is aware that as a diabetic, he should not drink alcohol.

11.   Mr. Crook took insulin at 3:00 p.m.

12.   Mr. Crook needs to eat about an hour or an hour and one-half [after] taking his insulin.

13.   Mr. Crook had nothing to eat from the time he took his insulin at 3:00 p.m. until the accident.

14.   Mr. Crook was having problems with his blood sugar on the date of the accident.

15.   Mr. Crook's blood sugar can drop suddenly without him being aware of it.

---

[4]In an appeal from the General Sessions Court to the Circuit Court, the appellant is entitled to a trial *de novo*. T.C.A. § 16-15-729 (1994 & Supp. 2008); *see Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995).

16.     Low blood sugar can cause confusion, sweating, trembling and faintness in Mr. Crook.

17.     The tires on Mr. Crook's vehicle are "less than good tires and in a poor condition."

In support of his motion, Despeaux submitted a transcript of Crook's testimony in his criminal trial.

In the memorandum in support of his summary judgment motion, Despeaux asserted the doctrine of comparative fault. Relying on Tennessee Code Annotated § 55-10-408,[5] Despeaux contended that Crook's blood alcohol concentration at the time of the accident raised a rebuttable presumption of intoxication, and that, considering the level of Crook's intoxication, his diabetes and failure to eat after taking his insulin, and the substandard condition of his tires, reasonable minds could not disagree over whether Crook was at least fifty percent at fault for the damage to his vehicle. Accordingly, Despeaux argued, Crook's own negligence was the proximate cause of his property damage, and precluded any recovery from Despeaux.

In Crook's response to the summary judgment motion, he took issue with Despeaux's allegation that he was intoxicated at the time of the accident. He submitted his own affidavit, in which he stated that the accident occurred at approximately 6:00 p.m., but that he had not consumed any alcohol since 4:20 p.m. His affidavit stated that, approximately 20–30 minutes after the accident, he drank 48 ounces of beer while sitting in the back seat of his car.

---

[5]Section 55-10-408 reads:

> For the purpose of proving a violation of § 55-10-401(a)(1), evidence that there was, at the time alleged, eight-hundredths of one percent (.08%) or more by weight of alcohol in the defendant's blood shall create a presumption that the defendant's ability to drive was sufficiently impaired thereby to constitute a violation of § 55-10-401(a)(1).

T.C.A. § 55-10-408 (2004). Section 55-10-401 states:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
> > (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
> > (2) The alcohol concentration in such person's blood or breath is eight-hundredths of one percent (.08%) or more.

*Id.* § 55-10-401(a). Although these statutes deal explicitly with a presumption of intoxication in criminal prosecutions for driving under the influence of an intoxicant, courts have found the presumption to be applicable in civil proceedings as well. ***See, e.g., McIntyre v. Balentine***, 833 S.W.2d 52, 58–59 (Tenn. 1992); ***Brown v. J.C. Penney Life Ins. Co.***, 861 S.W.2d 834, 836 (Tenn. Ct. App. 1992).

On March 12, 2007, the trial court held a hearing on Despeaux's summary judgment motion. There is no transcript of the hearing, but Crook apparently made numerous statements to the trial judge on his version of the facts. In its written order, the trial court relied heavily on the statements made by Crook at the hearing:

> The plaintiff, Ronald Crook, was tried and convicted by a jury on July 11-13, 2005 in the Shelby County Criminal Court, Division X, for driving under the influence and reckless driving. During the plaintiff's DUI trial, the proof conclusively demonstrated that following the accident of July 30, 2004, Mr. Crook was arrested and charged with driving under the influence of an intoxicant. He submitted to a breathalyzer test, which demonstrated the plaintiff to have a blood alcohol content of .150. At the time of this accident, the legal limit for intoxication in the State of Tennessee was .08.
>
> During his DUI trial, and at the hearing on the subject motion for summary judgment on March 12, 2007, Mr. Crook admitted that on the day of the accident, before the accident occurred, he consumed sixty ounces of Miller High Life beer over a four hour period in the six hours leading up to the accident.
>
> The Court further finds, upon the record in this cause and upon statements of the plaintiff on March 12, 2007, that he is an insulin dependent diabetic. On the date of the accident, Mr. Crook took his insulin at around 3:00 p.m. knowing that he needed to eat within a hour or a hour and one-half after taking the insulin. Mr. Crook had nothing to eat from the time he took his insulin at 3:00 p.m. until the accident that occurred at about 6:00 p.m.
>
> The Court further finds that upon the record in this cause and upon statements of Mr. Crook on March 12, 2007, that the tires on Mr. Crook's vehicle were in a state of disrepair such that approximately half of the tread was worn down.
>
> The Court further finds that upon the evidence presented to it by the entire record in this cause, upon statements made by Mr. Crook on March 12, 2007, and pursuant to Tennessee Code Annotated § 55-10-408, that his blood alcohol content of .15 raised a rebuttable presumption of intoxication.
>
> The Court further finds that the only proof the plaintiff presented at the hearing on said subject motion for summary judgment on March 12, 2007 to rebut this presumption of intoxication was his statement that he was not drunk, that he had consumed sixty ounces of beer over a four hour period, and that he consumed another forty-eight ounces of beer after the accident. Mr. Crook also made reference at the hearing to suffering from chronic depression.
>
> The Court further finds . . . that the evidence the plaintiff presented in response to Defendant's motion for summary judgment was not sufficient to rebut the presumption of intoxication and that the plaintiff has failed to demonstrate a material factual dispute.
>
> The Court further finds that based upon the entire record in this cause and upon statements of Ronald Crook on March 12, 2007, that no reasonable juror could

find the plaintiff to be less than 50% at-fault for the motor vehicle accident which is the subject of this lawsuit.

Therefore, based on the evidence at the criminal trial and Crook's statements in the hearing, the trial court granted summary judgment in favor of Despeaux.

Crook now appeals the grant of Despeaux's motion for summary judgment. He raises four issues.[6] The only issue properly before this Court is whether the Circuit Court erred in granting Despeaux's motion for summary judgment; therefore, we address that issue.

As only questions of law are involved upon appeal from summary judgment, we afford the trial court's judgment no presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party seeking summary judgment "has the burden of proving that its motion satisfies these requirements." *Bain*, 936 S.W.2d at 622 (citing *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991)). The burden then "shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). We view the evidence in the record "in the light most favorable to the nonmoving party and . . . draw all reasonable inferences in the nonmoving party's favor." *Id.* (citing *Byrd*, 847 S.W.2d at 210–11). We will affirm a grant of summary judgment "only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." *Id.* (citing *Byrd*, 847 S.W.2d at 210–11).

Our Supreme Court has adopted the modified system of comparative fault. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Under a comparative fault system, "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover." *Id.* Crook argues that he rebutted the statutory presumption of intoxication at the time of the accident and established a genuine dispute over a material issue of fact. We first address whether Crook rebutted the presumption of his intoxication at the time of the accident, arising from his blood-alcohol level. We then look at whether, based on the facts established, any reasonable juror could

---

[6]In his appellate brief, in addition to challenging the grant of Despeaux's motion for summary judgment, Crook argues that the trial court erred in denying Crook's repeated efforts to compel Despeaux to identify his three children, purportedly as persons with knowledge of the accident. Indeed, the record contains numerous filings submitted by local schools and others seeking to quash Crook's use of discovery to attempt to force them to disclose whether children named Despeaux attended a particular school, and their identities and contact information. The trial court appropriately denied Crook's repeated requests. In addition, Crook asks this Court to review whether Despeaux's attorney committed fraud by not complying with such discovery requests, and whether the trial court erred in not holding Despeaux's attorney in contempt. The only order identified in Crook's notice of appeal is the order granting Despeaux's motion for summary judgment. This order addresses none of these other three issues that Despeaux seeks to raise on appeal. Consequently, the only issue properly raised on appeal is whether the Circuit Court properly granted Despeaux's motion for summary judgment, and we decline to address the other issues. *See Cox v. Shell Oil Co.*, 196 S.W.3d 747 (Tenn. Ct. App. 2005).

find Crook to be less than fifty percent at fault for the damage to his vehicle. ***See Bain***, 936 S.W.2d at 622.

In considering a motion for summary judgment, of course, we do not assess the credibility of the evidence, and we assume the truth of Crook's version of the facts. ***McCarley v. West Quality Food Service***, 960 S.W.2d 585, 588 (Tenn. 1998). Even taking Crook's version of the facts as true, however, he has not rebutted the presumption that his "ability to drive was sufficiently impaired . . . to constitute a violation of § 55-10-401(a)(1)." T.C.A. § 55-10-408 (2004). Crook admits that, despite the fact that he is a diabetic, he drank a substantial amount of beer prior to the accident. Crook asserts that he quickly drank even more beer while waiting for police officers to arrive. Assuming this to be true, evidence that Crook drank still more beer after the accident is simply proof that he became more intoxicated, not that he was not intoxicated at the time of the accident. "[T]he non-moving party's burden is not satisfied by simply showing that there is some 'metaphysical doubt as to the material facts.' Rather, the non-movant must show that the record would support a finding by a 'rational trier of fact' in favor of the non-movant." ***Bills v. Conseco Ins. Co.***, No. M2002-01906-COA-R3-CV, 2003 WL 22455399, at *7 (Tenn. Ct. App. Oct. 28, 2003) (quoting ***Maynard v. Vanderbilt Univ.***, No. 01-A-01-9211-CH-00437, 1993 Tenn. App. LEXIS 351, at *16–17 (Tenn. Ct. App. May 14, 1993)); ***see also Brown v. J. C. Penney Life Ins. Co.***, 861 S.W.2d 834, 836 (Tenn. Ct. App. 1992). In light of the 0.15 blood alcohol results, we agree with the trial court that Crook did not rebut the statutory presumption of intoxication.

In addition to his intoxication, Crook admitted at the hearing that he took insulin at approximately 3:00 p.m., knowing that he should eat within an hour and a half. Nevertheless, by the time the accident occurred at approximately 6:00 p.m., the only thing Crook had ingested was a substantial quantity of beer. In Crook's criminal court testimony, he described his diabetic low blood sugar symptoms as confusion and some sweating and trembling.

Moreover, Crook asserts that, at the time of the accident, the streets were wet from rain. He admitted to the trial court at the hearing that the tires on his vehicle were in such disrepair that approximately half of the tread was worn down, leaving him ill-equipped to deal with rain-slick streets.

We assume the truth of Crook's assertion that Despeaux did not stop at the stop sign. However, Crook does not allege that Despeaux's vehicle collided with his vehicle and pushed it into the telephone pole. Rather, Crook asserts that Despeaux's purported failure to stop at the stop sign forced him to react quickly on the rain-slick streets. Crook's diabetic condition coupled with his intoxication meant that he "did not have the normal use of his physical or mental faculties," rendering him "incapable of [re]acting in a manner in which an ordinarily prudent and cautious person, in full possession of his faculties, using reasonable care, would [re]act under like conditions." ***Brown***, 861 S.W.2d at 836. His impaired ability to react to the circumstances, coupled with the poor condition of his tires, resulted in his vehicle skidding into the curb and the telephone pole. "While comparative fault is typically a question for the trier of fact, summary judgment is appropriate in those situations where reasonable minds could only conclude that . . . the plaintiff's

fault was equal to or greater than the fault of the defendant." ***Norris v. Pruitte***, No. 01A01-9709-CV-00506, 1998 WL 1988563, at *3 (citing JOHN A. DAY & DONALD CAPPARELLA, TENNESSEE LAW OF COMPARATIVE FAULT 12–18 (1997)). Under all of these circumstances, we must find that any reasonable juror would have to conclude that Crook was primarily responsible for his vehicle's collision with the telephone pole. Therefore, we agree with the trial court's conclusion that no reasonable juror could find Crook to be less than fifty percent at fault for the accident.

The decision of the trial court is affirmed. Costs of this appeal are assessed against Appellant Ronald E. Crook, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE